IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

SAMMIE WOODS                                                                                          PETITIONER

vs.                                  Civil Case No. 2:09CV00014 SWW-HLJ

T.C. OUTLAW, Warden
FCI, Forrest City, Arkansas et al.                                                              RESPONDENTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

     1.      Why the record made before the Magistrate Judge is inadequate.

     2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

     3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Mr. Woods, a federal inmate, has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging the court's order that he serve ten years on supervised release in Case No. 1:01-CR-00214-WYD-19, United States District Court, District of Colorado. (DE #1) For the reason explained below, the petition is dismissed with prejudice.

On May 23, 2004, the United States District Court, District of Colorado sentenced Woods to 240 months imprisonment for drug-related offenses. (See Government's Exhibit 2, Response to Petition for Writ of Habeas Corpus, DE #10) Petitioner was also ordered to

serve ten (10) years on supervised release. The United States Court of Appeals, Tenth Circuit, affirmed Petitioner's conviction on September 15, 2005. See United States v. Small, 423 F.3d 1164, 1191 (10th Cir. 2005).

On September 22, 2006, Petitioner filed a § 2255 motion with the sentencing court. (See Government's Exhibit 3, Response to Petition for Writ of Habeas Corpus, DE #10) The sentencing court addressed the motion on its merits and entered an order denying relief on June 11, 2007. (See Government's Exhibit 4, Response to Petition for Writ of Habeas Corpus, DE #10) Petitioner appealed, and the Tenth Circuit affirmed the district court on February 5, 2008. (See Government's Exhibit 5, Response to Petition for Writ of Habeas Corpus, DE #10) Subsequently, Petitioner filed a second § 2255 motion, which the trial court denied on December 28, 2008, for lack of jurisdiction. (See Government's Exhibits 6 and 7, Response to Petition for Writ of Habeas Corpus, DE #10). Now pending before this court is Petitioner's § 2241 motion.

A federal prisoner challenging a conviction must file a motion in the sentencing court pursuant to 28 U.S.C. § 2255. Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003). "A prisoner cannot raise, in a § 2241 motion filed in the district court of incarceration, an issue which could or was actually raised in the § 2255 motion filed in the sentencing district." Id. at 1092 (citing United States v. Lurie, 207 F.3d 1075, 1077-78 (8th Cir. 2000)). "In bringing a § 2255 petition in the district of incarceration, the petitioner has the burden of demonstrating that § 2255 relief in the sentencing court would be unavailable or ineffective."

DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986); 28 U.S.C. § 2241.  The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004), because when it applies, it can save a § 2241 habeas petition from being dismissed under the § 2255 exclusive remedy rule.  The mere fact that an individual may be barred from filing a § 2255 motion for procedural reasons does not render the remedy inadequate or ineffective so as to permit utilization of 28 U.S.C. § 2241.  Abdullah v. Hedrick, supra.  Specifically, the § 2255 remedy is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, because Petitioner has been denied permission, or he does not meet the statutory requirements for filing a second or successive § 2255 motion, or because a § 2255 petition is time-barred.  Abdullah v. Hedrick, supra.

In this case, it is readily apparent that Petitioner is challenging the validity of his federal prison sentence.  Therefore, the present petition is barred by § 2255's exclusive remedy rule, unless the savings clause applies.[1]  Petitioner has not, however, alleged or

---

[1] In some cases, a § 2241 petition that is barred by the exclusive remedy rule can simply be construed to be a motion brought under § 2255.  The matter can then be transferred to the trial court judge so the prisoner's claim can be addressed on the merits there.  Here, however, Petitioner is precluded from seeking relief under § 2255 because he has already sought such relief twice before.  Any new request for § 2255 relief that might now come before the trial court would have to be treated as a "successive" § 2255 motion, which, under the Anti-Terrorism and Effective Death Penalty Act, could not be entertained by the trial court without the prior approval of the Tenth Circuit.  28 U.S.C. §§ 2244(b)(3) and 2255 (final paragraph).  Because the Petitioner did not obtain a pre-authorization order from the Tenth Circuit Court of Appeals, the trial judge, in the "second or successive" § 2255 motion, did not entertain it. It also appears that any § 2255

established that the current challenge to his sentence could not have been raised in his previous § 2255 motion.  See United States v. Lurie, supra (finding Lurie failed to demonstrate the § 2255 motion was inadequate or ineffective because all of the claims asserted could have been maintained in a timely § 2255 motion or on direct appeal). Therefore, the court concludes § 2255 provided both an adequate and an effective vehicle to test the legality of Petitioner's conviction.  Accordingly, the case is dismissed.

IT IS THEREFORE ORDERED that this case be, and it is hereby, dismissed with prejudice.  The relief prayed for is denied.  All pending motions are denied.

SO ORDERED this 5th day of June, 2009.

*Henry L. Jones, Jr.*
_____
United States Magistrate Judge

---

motion Petitioner might attempt to bring before the trial court at this time would be time-barred under the one-year statute of limitations applicable to § 2255 motions.